# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv430

| | |
|---|---|
| LOIS A. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court pursuant to 28, United States Code, Section 636(b), pursuant a specific Order of Referral of the district court, and upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and recommendation.

## FINDINGS AND CONCLUSIONS

**I.    Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council.

Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").  Thereafter, plaintiff timely filed this action.

## II.   Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth.  Such findings are referenced in the substantive discussion which follows.

## III.   Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra.  Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence.  Hays v. Sullivan, supra.

## IV.   Substantial Evidence

A.   **Introduction**

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had he been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

B.   **Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. 404.1520(b)-(f). In this case, the Commissioner determined plaintiff's claim at the fourth step of the sequential evaluation process.

### C. The Administrative Decision

The ALJ found that although plaintiff had the severe impairments of osteoarthritis and obesity, she retained the residual functional capacity (hereinafter "RFC") to perform her past relevant work as a sewing machine operator. Tr., at 10-15.

### D. Discussion

#### 1. Plaintiff's Assignments of Error

Plaintiff has made the following assignments of error:

I. The ALJ erred by failing to correctly evaluate plaintiff's subjective symptoms, including pain, under applicable case law; and

II. The ALJ erred by failing to properly consider the impact of plaintiff's obesity as required by SSR 02-1p.

Plaintiff's Memorandum (#14), at 3-4. Plaintiff's assignments of error will be discussed *seriatim*.

4

## 2. First Assignment of Error

In her first assignment of error, plaintiff contends that the ALJ failed to correctly apply the law fo the Fourth Circuit in evaluating plaintiff's evidence of pain she contends is disabling. Id., at 3. Plaintiff also challenges the ALJ's credibility determination regarding plaintiff's testimony concerning the intensity and impact of her pain and contends that the ALJ failed to consider the objective medical evidence that supports her testimony. For the reasons that follow, the undersigned finds that the ALJ properly considered plaintiff's allegations pain and other subjective complaints as substantial evidence supports the ALJ's finding that plaintiff's subjective complaints of pain were not entirely credible.

The correct standard and method for evaluating claims of pain and other subjective symptoms in the Fourth Circuit has developed from the Court of Appeals' decision in Hyatt v. Sullivan, 899 F.2d 329 (4th Cir. 1990)(Hyatt III), which held that "[b]ecause pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative." Id., at 336.

A two-step process for evaluating subjective complaint was developed by the Court of Appeals for the Fourth Circuit in Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). This two-step process for evaluating subjective complaints corresponds with

the Commissioners relevant rulings and regulations. See 20 C.F.R § 404.1529; SSR 96-7p.[1]

Step One requires the ALJ to determine whether there is "objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." Craig, 76 F.3d at 594.

Step Two requires that the ALJ next evaluate the alleged symptoms' intensity and persistence along with the extent to they limit the claimant's ability to engage in work. Id., at 594; see also 20 C.F.R. § 404. 1529(c); SSR 96-7p. The ALJ must consider the following: (1) a claimant's testimony and other statements concerning pain or other subjective complaints; (2) claimant's medical history and laboratory findings; (3) any objective medical evidence of pain; and (4) any other evidence relevant to the severity of the impairment. Craig, 76 F.3d at 595; 20 C.F.R. § 404. 1529(c); SSR 96-7p. The term "other relevant evidence" includes: a claimant's activities of daily living; the location, duration, frequency and intensity of their pain or other symptoms; precipitating and aggravating factors; the type, dosage,

---

[1] "The purpose of this Ruling is to clarify when the evaluation of symptoms, including pain, under 20 CFR 404.1529 and 416.929 requires a finding about the credibility of an individual's statements about pain or other symptom(s) and its functional effects; to explain the factors to be considered in assessing the credibility of the individual's statements about symptoms; and to state the importance of explaining the reasons for the finding about the credibility of the individual's statements in the disability determination or decision." S.S.R. 96-7p (statement of purpose).

effectiveness and side effects of medications taken to alleviate their pain and other symptoms; treatment, other than medication, received; and any other measures used to relieve their alleged pain and other symptoms. Id.

In Hatcher v. Secretary, 898 F.2d 21, 23 (4th Cir. 1989), the Court of Appeals for the Fourth Circuit held that

> it is well settled that: "the ALJ is required to make credibility determinations--and therefore sometimes make negative determinations--about allegations of pain or other nonexertional disabilities. . . . But such decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge, . . . and it is especially crucial in evaluating pain, in part because the judgment is often a difficult one, and in part because the ALJ is somewhat constricted in choosing a decisional process."

Id., (quoting Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985) (citations omitted)). Where as here the ALJ heard plaintiff's testimony and observed her demeanor, and properly explains why such testimony is not to be fully credited, the ALJ's determination that plaintiff's subjective complaints were not entirely credible is entitled to deference. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).

In this case, the ALJ found that plaintiff's impairments reasonably could be expected to produce the symptoms she alleged, but that her subjective complaints of pain were not entirely credible because they were inconsistent with her treatment history and her daily activities. Tr., at 13. Plaintiff testified at the administrative hearing that she had pain in her back, knees, feet, and hands that prevented her from

7

standing, sitting, or walking for prolonged periods, and that she suffered from "weak spells" and numbness and tingling in her hands. Tr., at 11, 24-29. In furtherance of his obligation to explain why he did not fully credit plaintiff's testimony, the ALJ stated that plaintiff collected unemployment benefits during the first year of her alleged period of disability, which required her to hold herself out as ready, willing, and able to work. Tr., at 13. Plaintiff testified that during this first year in which she now contends she was unable to work, she actually looked for work, but was not able to find a job. Tr., at 13, 21. Thus, the ALJ reasonably concluded that even plaintiff did not consider herself disabled during this time period. Tr., at 13.

In further support of his credibility determination, the ALJ further explained that none of plaintiff's physicians suggested that her osteoarthritis or obesity were disabling, or that she should undergo a knee replacement to treat her pain. Id. Further, the ALJ considered plaintiff's activities of daily living and found that plaintiff acknowledged that she could care for her own personal needs and perform light household chores, further contradicting her allegations of disabling pain. Tr., at 14, 252. See Mickles v. Shalala, 29 F.3d 918, 920-921 (4th Cir. 1994)).

Plaintiff argues that based on this court's unpublished decision in Metcalf v. Astrue, 1:08-CV-00474-MR (W.D.N.C. Mar. 23, 2010), the court should determine that the ALJ failed to consider the objective evidence in the record. Plaintiff's

8

Memorandum, at 4. In that case, the district court found that the ALJ ignored significant objective evidence in the record. Id., at 16. In this case, the ALJ clearly considered all the objective evidence in the record in making his determination. See Tr. 13. Whereas Metcalf is a good example of an ALJ erring in conducting the required analysis, the decision of the ALJ in this action clearly stands for the opposite as he clearly considered all the objective evidence of record, plaintiff's activities of daily living, and events which he found to contradict her complaints of disabling pain, and then fully satisfied his obligation of explaining his basis for giving less than full credit to plaintiff's testimony. The undersigned finds that the ALJ properly considered plaintiff's allegations pain and other subjective complaints as substantial evidence supports the ALJ's finding that plaintiff's subjective complaints of pain were not entirely credible.

### 3. Second Assignment of Error

In her second assignment of error, plaintiff's takes issue with the ALJ's consideration of her obesity, contending that the ALJ failed to determine the effect of plaintiff's severe impairment of obesity on her ability to work. Plaintiff's Memorandum, at 4. SSR 02-1p requires the Commissioner to make an individualized assessment as to how plaintiff's obesity, considered together with her other impairments, impacted her functional capacity for work.

In this case, the ALJ satisfied such obligation, finding first that plaintiff's obesity was a severe impairment. Tr., at 10. In this case, the ALJ made the following observations and findings:

> The undersigned has evaluated the claimant in accordance with SSR02-1p. The evidence shows that the claimant's excess weight causes leg pain and limits her ability to stand and walk. The claimant's allegations of shortness of breathe could also be connected to her obesity. In fact, the consultative physician stated that it was her opinion that the claimant's range of motion was limited by her obesity and knee pain. The claimant's treating physicians seem to agree with this assessment since she has been constantly encouraged to lose weight to help alleviate her back and knee pain. The more recent records in 2008 show that the claimant was walking for exercise and losing weight. She reported that she was "doing well" and feeling "pretty good." Looking at these office notes, it is obvious that a 21-pound weight loss has helped reduce claimant's symptoms.

Tr., at 14. Clearly, the ALJ gave plaintiff's obesity full consideration as required by SSR 02-1p, and precisely considered the impact of her obesity on plaintiff's other impairments. In determining that plaintiff's osteoarthritis and obesity limited her to light work, the ALJ relied partially on the opinions in the record from two state agency physicians, who considered all of the medical evidence available to them, including medical records documenting plaintiff's obesity. Tr., at 14, 256-263, 270-277. Plaintiff's contention that the ALJ failed to determine the effect of plaintiff's obesity on her ability to work is contradicted by the decision and the supporting record. The undersigned finds no merit in this assignment of error.

E.  Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error.  Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence.  See Richardson v. Perales, supra; Hays v. Sullivan, supra.  Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, the undersigned must recommend to the district court that plaintiff's Motion for Summary Judgment be denied, the Commissioner's Motion for Summary Judgment be granted, and that the decision of the Commissioner be affirmed.

**RECOMMENDATION**

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1)  the decision of the Commissioner, denying the relief sought by plaintiff, be **AFFIRMED**;

(2)  the plaintiff's Motion for Summary Judgment (#13) be **DENIED**;

(3)  the Commissioner's Motion for Summary Judgment (#15) be **GRANTED**; and

(4)  this action be **DISMISSED**.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: February 1, 2011

Dennis L. Howell
United States Magistrate Judge