# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv430

| | |
|---|---|
| **LOIS A. JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| **MICHAEL J. ASTRUE,** ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the parties' cross Motions for Summary Judgment [Docs. 13 and 15], the Magistrate Judge's Memorandum and Recommendation [Doc. 18], and the Plaintiff's Objections thereto [Doc. 19] regarding the disposition of those motions.

Pursuant to 28 U.S.C. § 636(b) and a specific Order of referral of the district court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider these pending motions in the above-captioned action and to submit to this Court a recommendation for the disposition of these motions.

On February 1, 2011, the Magistrate Judge filed a Memorandum and

Recommendation [Doc. 18] in this case containing proposed conclusions of law in support of a recommendation regarding the motions. [Docs. 13 & 15]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. Within the period for filing objections, Plaintiff filed her Objections to the Memorandum and Recommendation. [Doc. 19].

For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Memorandum and Recommendation, **GRANTS** Defendant's Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **AFFIRMS** the Commissioner's decision.

## I. BACKGROUND

Plaintiff does not lodge any specific objections to the facts or procedural history section contained in the Memorandum and Recommendation, and, upon de novo review, those findings appear to be substantially supported by the record. Therefore, the portions of the Memorandum and Recommendation entitled "Administrative History" and "Factual Background" are hereby adopted and incorporated by reference as if fully set forth herein.

## II. STANDARD OF REVIEW

The district court has authority to assign dispositive pretrial matters pending before the court to a Magistrate Judge for "proposed findings of fact

and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). With regard to the Magistrate Judge's Memorandum and Recommendation and Order, the Plaintiff's Objections fail to "direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47. Rather, the Plaintiff merely restates the arguments previously made to the Magistrate Judge. "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004).

## III. DISCUSSION

Comparing the Plaintiff's filed objections with the issues stated in the Memorandum he filed in support of his Motion for Summary Judgment, the Court finds the objections to "simply summarize[ ] what has been presented before." Because the Plaintiff has failed to make specific objections, the Court is not obligated to conduct a de novo review of the Magistrate Judge's proposed findings and conclusions.

The only offering that is not simply a reiteration of Plaintiff's earlier arguments is the presentation of a May 2, 2010 subsequent award of Social Security disability benefits made to Plaintiff. The award grants benefits retroactive to December 2009. The decision from which Plaintiff appeals, however, was dated June 8, 2009. The subsequent award pertains to a time six months after the period at issue here. As such, the later award is not material to the consideration at hand. Threet v. Barnhart, 353 F.3d 1185 (10th Cir., 2003). *See also* Borders v. Heckler, 777 F.2d 954, 956 (4th Cir.1985). Plaintiff's argument regarding Summey v. Astrue, 1:10cv007 (W.D.N.C. 2010) is not persuasive. That case involved an award of benefits effective two days after the decision complained of. Moreover, the remand resulted from the consent of the Commissioner arrived upon based on reasons not fully set forth in the record.

4

Plaintiff's failure to present this May 2, 2010 evidence to the Court at her first opportunity (which was on or before the filing of her July 22, 2010 Motion for Summary Judgment) also calls into question whether this evidence is in any manner "new." In order to present the evidence at this late date, it must be new and material. Plaintiff has failed to show that it is either. This tactic of holding back evidence for use in challenging an adverse decision is unhelpful to the Court and to the Plaintiff.

As none of Plaintiff's objections direct the Court to a specific error in the Memorandum and Recommendation, they must be overruled. Orpiano, 687 F.2d at 47 (4th Cir. 1982).

The Court has carefully reviewed the Memorandum and Recommendation and finds that the proposed findings and conclusions of the Magistrate Judge and the recommended disposition of this case are supported by the record and the law.

## IV. CONCLUSION

In conclusion, the Commissioner correctly applied the law, and the Commissioner's decision denying disability benefits was based on substantial evidence.

**ORDER**

Accordingly, the Court **OVERRULES** Plaintiff's Objections [Doc. 19], **ADOPTS** the Memorandum and Recommendation [Doc. 18], **GRANTS** Defendant's Motion for Summary Judgment [Doc. 15], **DENIES** Plaintiff's Motion for Summary Judgment [Doc. 13], and **AFFIRMS** the Commissioner's decision.

**IT IS SO ORDERED**.

Signed: February 25, 2011

Martin Reidinger
United States District Judge